CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 15 2008

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOAN C. RANSOME, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:08CV00403 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RANDY LEACH, et al., ) | By: Hon. Glen E. Conrad |
| ) | United States District Judge |
| Defendants. ) | |

The plaintiff, Joan C. Ransome, proceeding pro se, filed this action against the defendants, Randy Leach, Patrick C. Buchanan, Jr., Sergeant Jeff Herrick, Detective Patricia Farris, January Benson, Tanya Finney, Richard Via, James E. Finney, Gregory C. Phillips, Esq., and Detective Dave Flynn, for alleged misconduct in connection with the State criminal trial that resulted in the conviction of the plaintiff's son, Leroy Ransome, for first degree murder. The court granted the plaintiff's contemporaneously filed motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1). After reviewing the complaint filed in this matter, however, the court believes that the action must be dismissed without prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for the reasons set forth below.

## BACKGROUND

The plaintiff's son, Leroy Ransome, was convicted of first degree murder after a trial before a jury in Roanoke County Circuit Court in March of 2008. The plaintiff has now brought this action against many of the individuals associated with the trial as prosecutors, law

enforcement officers and/or witnesses. Defendants Randy Leach and Patrick C. Buchanan, Jr. were prosecutors for the Commonwealth. Defendants January Benson, Richard Via, James Finney and Tanya Finney were witnesses who testified at trial on behalf of the prosecution. Defendants Detective Dave Flynn, Detective Patricia Farris, and Sergeant Jeff Herrick were law enforcement officers involved in the investigation of the murder and who also testified at trial. Defendant Gregory C. Phillips was Leroy Ransome's criminal defense attorney.

In her complaint, the plaintiff alleges that the defendants violated numerous Virginia criminal statutes as well as certain Virginia civil discovery rules. More specifically, she charges the defendants with perjury, the giving and receiving of bribes, subornation of perjury, unprofessional conduct, and failing to provide discovery, all in connection with the preparation for and conduct of Leroy Ransome's State murder trial. If the plaintiff intends to bring an action asserting only the stated violations of certain Virginia criminal statutes and rules, however, the court has no grounds for jurisdiction as no federal question is presented and diversity is absent in this case. Nevertheless, as the plaintiff is proceeding in this case pro se, the court will construe the complaint liberally in order to ascertain whether it states any cause or causes of action over which the court would have subject matter jurisdiction. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).

With regard to defendants Leach and Buchanan, the plaintiff alleges that these State prosecutors suborned perjury, induced witnesses at trial to give false testimony, failed to provide discovery to the defense, bribed witnesses, and failed to respect the importance of the truth during her son's criminal trial. With regard to defendant Flynn, the plaintiff alleges that he failed to respect the importance of the truth by withholding evidence favorable to the defendant. The

2

plaintiff also alleges that defendants Farris and Herrick committed perjury during their testimony at Leroy Ransome's trial and that defendant Herrick gave conflicting testimony at trial. Therefore, the court will construe the plaintiff's claims against these defendants as allegations of violations of Leroy Ransome's civil rights by State actors in violation of 42 U.S.C. §§ 1983.

With regard to defendants Benson, Via, James Finney, and Tanya Finney, the plaintiff alleges that these trial witnesses committed perjury during their trial testimony and that their false statements were induced, counseled, and coaxed by either Leach, Buchanan, or both. Therefore, the court construes the plaintiff's claims against these private parties as claims of conspiracy to violate the civil rights of Leroy Ransome in violation of 42 U.S.C. § 1985.

Finally, with regard to defendant Phillips, Leroy Ransome's criminal defense attorney, the plaintiff alleges that Phillips did not properly develop an attorney-client relationship with Leroy Ransome, failed to properly communicate with or visit his client, improperly used the plaintiff as a mediator to communicate with the prosecution, failed to properly prepare for trial and failed to properly investigate the case prior to trial, and worked with the prosecution by failing to put on an effective defense. Therefore, the plaintiff claims that Phillips demonstrated unprofessional conduct, failed to properly prepare witnesses and his client in violation of Virginia discovery rules, withheld evidence, and failed to respect the importance of the truth in violation of Virginia discovery rules.

## STANDARD OF REVIEW

With regard to all proceedings in forma pauperis, "a district court must dismiss an action that the court finds to be frivolous or malicious or that fails to state a claim." Michau v. Charleston County, South Carolina, 434 F.3d 725, 728 (4th Cir. 2006). Title 28 United States

Code Section 1915 governs such proceedings as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Therefore, the court has a mandatory duty to screen initial filings to determine whether they fall within any of the causes for dismissal set forth in § 1915(e)(2)(B). Eriline Co. v. Johnson, 440 F.3d 648, 656-7 (4th Cir. 2006). Although § 1915(e)(2) "does not authorize the district court to engage in factfinding to resolve disputed facts, it does permit the court to apply common sense, reject the fantastic, and rebut alleged matters with judicially noticeable facts." Nasim v. Warden, Maryland House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

The standard of review for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim on which relief may be granted under § 1915(e)(2)(B)(ii). Newsome v. EEOC, 301 F.3d 227, 231 (5th Cir. 2002). Therefore, the court "should accept as true all well-pleaded allegations" and should construe those allegations in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) (Rule 12(b)(6)). A complaint need not assert detailed factual allegations, but must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Furthermore, even assuming the factual allegations in the complaint are true, they "must be enough to raise a right to relief above the speculative level." 127 S. Ct. at 1965.

4

## DISCUSSION

After screening this in forma pauperis action pursuant to § 1915(e)(2), the court is constrained to conclude that the complaint fails to state a claim on which relief may be granted. First, the court finds that the plaintiff lacks the proper standing to bring this action in the first instance. A civil rights action under either § 1983 or § 1985, "must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990). See also, Pierce v. Stinson, 493 F. Supp. 609, 611 (D.C. Tenn. 1980) (holding that "parents have no standing to maintain an action in their own behalf to recover for the deprivation of the civil rights of their children").

In this case, the plaintiff is attempting to bring an action for alleged violations of the civil rights of her son, Leroy Ransome, not of her own. Nor does the plaintiff claim that she is acting as the valid personal representative of Leroy Ransome. It is true that the plaintiff has alleged that she suffers from depression and high blood sugar as a result of her concern over her son's incarceration. Nevertheless, because a § 1983 action is personal to the direct victim of the alleged constitutional violation, "no cause of action may lie under section 1983 for emotional distress, loss of a loved one, or any other consequent collateral injuries allegedly suffered personally by the victim's family members." Claybrook v. Birchwell, 199 F.3d 350, 357 (6th Cir. 2000). Therefore, the plaintiff's claims against defendants Leach, Buchanan, Herrick, Farris, Benson, Tanya Finney, Via, James Finney, and Flynn, which the court has construed as arising under 42 U.S.C. §§ 1983 and 1985 must be dismissed.

The plaintiff is also without proper standing to bring this action against defendant Phillips. As previously stated, the plaintiff's allegations against Phillips include claims of

5

unprofessional conduct, failure to properly prepare his witnesses and his client, failure to communicate with his client, failure to investigate Leroy Ransome's case and to properly prepare for trial, and failure to put on an effective defense. The court construes these claims to state two possible causes of action: ineffective assistance of counsel or legal malpractice.

A claim for the ineffective assistance of counsel may be brought by a criminal defendant either on direct appeal or in a habeas corpus petition pursuant to 28 U.S.C. § 2254. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). This independent civil action is neither an appeal of a criminal conviction or a habeas proceeding. In addition, such a claim may not be brought by a relative of the criminal defendant in the absence of the inmate's inability to petition the court on his own behalf. See Hamdi v. Rumsfeld, 294 F.3d 598, 603 (4th Cir. 2002) (internal citation omitted). The plaintiff has made no such allegation of disability on the part of Leroy Ransome. As a result, the plaintiff lacks standing to bring a claim for ineffective assistance of counsel on behalf of her son.

Furthermore, even if the court construed the plaintiff's allegations against defendant Phillips as stating a claim for legal malpractice, the plaintiff again lacks standing to bring such an action because an attorney owes a legal duty only to his client by virtue of the contract formed between the parties. Cox v. Geary, 271 Va. 141, 152 (2006). Therefore, a third party may not bring an action for the breach of this attorney-client contract in the absence of privity of contract. See Ward v. Ernst & Young, 246 Va. 317, 326 (1993). The plaintiff in this case has failed to allege that such privity of contract exists between herself and defendant Phillips. Because the plaintiff may not bring a claim for either legal malpractice or ineffective assistance of counsel with regard to the representation of Leroy Ransome by defendant Phillips.

6

As heretofore described, the plaintiff may not maintain this action against any of the defendants in this case because she lacks standing to bring the asserted claims relating to the criminal prosecution and conviction of her son, Leroy Ransome, on charges of first-degree murder in state court. However, assuming arguendo that the plaintiff did have proper standing, her claims under 42 U.S.C. §§ 1983 and 1985 would nevertheless be barred by the holding of Heck v. Humphrey, 512 U.S. 477 (1994).[1] Furthermore, her claims against defendants Leach and Buchanan would be barred by the operation of prosecutorial immunity, and her claims against defendants Benson, Via, James Finney, Tanya Finney, Farris, and Herrick would be barred by the principle of absolute witness immunity.

First, with regard to the plaintiff's claims under §§ 1983 and 1985, in Heck, supra, the United States Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

512 U.S. at 486-87. The only injuries alleged by the plaintiff in her claims against the prosecutors, witnesses at trial, and law enforcement officers stem from the conviction of and sentence imposed upon Leroy Ransome. Therefore, a judgment in favor of the plaintiff as to these defendants would necessarily imply the invalidity of Leroy Ransome's conviction and

---

[1] The court also notes that, in order "[t]o recover under § 1985(3), a plaintiff must establish the existence of a conspiracy and show some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." C&H Co. v. Richardson, 78 Fed. Appx. 894, 901 (4th Cir. 2003) (citing Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971)). In this case, the plaintiff has not alleged that the defendants harbored any racial or class-based discriminatory animus against Leroy Ransome. Therefore, the complaint also fails to state a claim under § 1985 in the first instance.

7

sentence. Furthermore, the plaintiff has failed to allege that Leroy Ransome's conviction has been reversed on appeal, expunged by executive order or called into question by an issuance of a writ of habeas corpus. Therefore, to the extent that the plaintiff's claims under §§ 1983 and 1985 request damages, they must be dismissed under Heck.[2]

Furthermore, to the extent that the plaintiff seeks Leroy Ransome's release from prison, the proper remedy would be the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, not a civil action under § 1983. As previously stated, however, a parent of an inmate may not bring such an action on behalf of her incarcerated son unless the inmate is for some reason unable to petition the court himself for habeas relief due to mental incapacity, lack or access to the court, or some other similar disability. Arocho v. Camp Hill Corr. Facilities, 417 F. Supp. 2d 661, 661-62 (M.D. Pa. 2005). See also, Hamdi v. Rumsfeld, 294 F.3d 598, 603 (4th Cir. 2002) (internal citation omitted). Therefore, in the absence of such an allegation of disability, the plaintiff again lacks standing to bring an action under § 2254 based upon the allegedly wrongful conviction of Leroy Ransome.

The plaintiff's claims against defendants Leach and Buchanan are also barred by the operation of the doctrine of prosecutorial immunity. In Imbler v. Pachtman, 424 U.S. 409, 430 (1976), the Supreme Court held that prosecutors are absolutely immune from claims stemming from their activities that are "intimately associated with the judicial phase of the criminal process." This immunity extends to the "alleged knowing use of false testimony at trial and the

---

[2] In certain cases where a criminal defendant is no longer able to pursue habeas relief, he would not necessarily be barred by Heck from pursuing a remedy under § 1983. See, e.g., Wilson v. Johnson, ___ F.3d ___, 2008 WL 2854502 (4th Cir. 2008). In this case, however, there is no allegation that Leroy Ransome, should he choose to do so, would be unable to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

8

alleged deliberate suppression of exculpatory evidence." Burns v. Reed, 500 U.S. 478, 486 (1991). In this case, the plaintiff's claims against Leach and Buchanan revolve around their alleged use of perjured testimony at trial, inducing witnesses to give such false testimony, bribery of witnesses, and failure to provide discovery. All of these activities are intimately associated with the judicial phase of the criminal process, and thus, the claims against defendants Leach and Buchanan would also be dismissed based upon prosecutorial immunity.

Finally, the plaintiff's claims against certain witnesses at the criminal trial of Leroy Ransome would be barred as a result of the application of the doctrine of witness immunity. In Burke v. Miller, 580 F.2d 108, 111 (4th Cir. 1978), the United States Court of Appeals for the Fourth Circuit held that witnesses in judicial proceedings enjoy absolute immunity from suit based upon their testimony at trial. This absolute immunity also applies to witnesses who are law enforcement officers. Briscoe v. LaHue, 460 U.S. 325 (1983). Therefore, all of the plaintiff's claims against defendants Benson, Via, James Finney, Tanya Finney, Farris, and Herrick would also have to be dismissed on this basis.

## CONCLUSION

For the foregoing reasons, the court finds that the instant action must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Such dismissal shall be without prejudice.

9

The Clerk is directed to send certified copies of this Memorandum Opinion and the accompanying Order to the plaintiff.

ENTER: This 15th day of August, 2008.

/s/ Jull Conrad
United States District Judge

10